# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

slewis@maglaw.com
212-880-9600

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

<u>VIA EMAIL</u>
Hon. Ronnie Abrams
United States Courthouse
40 Foley Square, Room 1506
New York, NY 10007

June 14, 2024

Re: <u>United States v. Stone and Moore</u>, 23-CR-409 (RA)

Dear Judge Abrams,

  I represent Defendant Kyeone Stone in the above-referenced case and write in accordance with Rule 21.7 of this Court's Electronic Filing Rules to formally request the sealing of a document filed at Dkt. No. 39-1 as Exhibit A to Affirmation of Kathleen E. Cassidy in support of Defendant Stone's Motion to Suppress, which was inadvertently filed with sensitive personal information appearing unredacted. This information includes the name of a witness (the victim's wife), Mr. Stone's date of birth, and Mr. Stone's home address. Because of safety and privacy concerns, the Government has requested that defense counsel re-file this document with the name of the witness (the victim's wife) redacted. Counsel for Mr. Stone shares similar concerns as it relates to Mr. Stone's personal identifying information, which also appears unredacted.

  As such, we respectfully request that the Court formally seal Exhibit A to the Affirmation of Kathleen Cassidy filed at Dkt. 39-1 and allow counsel to re-file this document in redacted form. If granted, we propose to replace Dkt. 39-1 with the document attached to this letter below as **<u>Exhibit A</u>**, which now includes redactions on the following pages: pages 5, 12, 16-18 (redacting the witness's name); pages 3, 5, 6, 8, 11, 14-19, 22-23, 25-27, 29-32, 35-36, 39-41, 45-46, 54 (redacting the witness's home address); pages 3, 12, 17, 22, 27 (redacting Mr. Stone's date of birth and home address); and page 12 (redacting Mr. Moore's date of birth)

<i>/s/ Sloane M. Lewis</i><br>
Sloane M. Lewis<br>
<i>Counsel for Defendant Kyeone Stone</i>

Application granted.

The Court finds it justifiable and appropriate to redact Mr. Stone's date of birth and home address, Mr. Moore's date of birth, and the witness's name and home address. First, redacting the home addresses and dates of birth are required under the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 49.1(a). And, because "the privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), the Court will also redact identifying information regarding the victim's wife. Given the safety and privacy interests involved, these redactions are narrowly tailored and therefore proper. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

SO ORDERED.

_/s/ Ronnie Abrams_
Hon. Ronnie Abrams
June 17, 2024