

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

November 1, 2024

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>**United States v. Stone and Moore**</u>, 23 Cr. 409 (RA)

Dear Judge Abrams:

      Earlier this week, the defense submitted a letter to the Government asserting that defendant Kyeone Stone "is in the throes of full-blown psychosis" and experiences auditory hallucinations. The letter asserts that the defendant "is a person who was well into his first episode of psychosis and whose paranoia and prior experiences with violence—and with [the murder victim], who [the defendant] knew as a violent and rage-filled individual—came together tragically the night of May 15, 2020 [<u>i.e.</u> the night of the robbery and murder]." As an exhibit to this letter, the defense included a report by a psychologist, Dr. Elie Aoun, who opined that the defendant was suffering from "prodromal" symptoms of psychosis beginning in his teens (and thus at the time of the murder). The defense submission did not include the raw data from the diagnostic tests administered by Dr. Aoun or any of the underlying medical records on which Dr. Aoun relied.[1]

      While the letter was sent to the Government in the context of plea negotiations,[2] and while the letter does not expressly assert an insanity defense or a defense of mental defect or disease, it suggests that the defendant may seek to assert one or both of those defenses at trial.[3] If that is the case, Rule 12.2 requires formal notice to the Court and the Government, and Rule 12.2 and Rule 16 impose on the defendant specific disclosure obligations. <u>See</u> Fed. R. Crim. P. 12.2(a)–(d); Fed. R. Crim. P. 16(b)(1)(B), (C). Moreover, formal notice under Rule 12.2(a) or (b) would permit the Government to move the Court to order an independent psychological evaluation. Fed. R. Crim.

---

[1] The Government raised this issue with the defense, and understands that the defense is working to provide some of these materials to the Government.

[2] Because the letter was provided to the Government in connection with plea negotiations, the Government does not attach the letter or describe the status of any plea discussions.

[3] The defense has specifically advised the Government that it does not challenge the defendant's competency to stand trial.

P. 12.2(c). In cases in which a detained defendant asserts a defense under Rule 12.2, such independent evaluations are conducted by psychologists at select facilities within the Bureau of Prisons ("BOP"). Defense counsel have advised that they would not object to "an examination by a neutral qualified court-appointed psychiatrist" but "do not think an MDC psychiatrist would be qualified."

The Government respectfully requests that the Court order the defendant to immediately provide notice under Rule 12.2(a) or 12.2(b), or to advise the Court that he does not intend to advance any Rule 12.2 defense at trial. Assuming the defendant provides Rule 12.2 notice, the Government will submit a proposed Order to the Court that the defendant submit to evaluation at a designated BOP facility where such evaluations occur. The BOP has advised the Government that such an evaluation is unlikely to occur in time for trial to proceed on February 3, 2025.

In the event the defense declines to provide Rule 12.2 notice, declines to cooperate with an evaluation by a Court-appointed evaluator, or fails to comply with the disclosure requirements of Rule 12.2 or Rule 16, the Government expects to move to exclude from trial all evidence relating to insanity or mental defect or disease.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

by: ___/s/_____
Jun Xiang / Edward C. Robinson, Jr.
Assistant United States Attorneys
(212) 637-2289 / -2273

**CC:**
Counsel for Kyeone Stone

If Defendant intends to pursue a Rule 12.2 defense at trial, he shall provide notice in accordance with Rule 12.2 no later than November 8, 2024.

SO ORDERED.

_____
Hon. Ronnie Abrams
November 4, 2024