# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

kcassidy@maglaw.com
212-880-9413

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

November 25, 2025

Application granted. After conferring, the parties shall submit a proposed order to expedite the requested transfer.

SO ORDERED.

_____

Ronnie Abrams, U.S.D.J.
November 26, 2025

**VIA ECF & E-MAIL**

Hon. Ronnie Abrams
United States Courthouse
40 Foley Square, Room 1506
New York, New York 10007
Abrams_NYSDChambers@nysd.uscourts.gov

Re: *United States v. Kyeone Stone*, 23 Cr. 409 (RA)

Dear Judge Abrams:

      We represent Defendant Kyeone Stone in the above-captioned matter, in which he is currently scheduled to be sentenced on December 19, 2025. As the Court is aware, Mr. Stone pleaded guilty before Your Honor on August 14, 2025, to the offenses of 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm in the course of a narcotics transaction and participating in a conspiracy to distribute narcotics in violation of 21 U.S.C. § 841(b)(1)(B).[1]

      We are writing to alert the Court that, for reasons explained below, ███████████

███████████████████████████████████████████████████████████

---

[1] Mr. Stone is also the defendant in a separate case, *United States v. Stone* No. 24 Cr. 349 (PAE), in which Mr. Stone was charged with assaulting a transport officer—an incident that occurred on December 15, 2023, while Mr. Stone was being transported back to MDC Brooklyn following a status conference in the case before Your Honor. On September 19, 2025, Mr. Stone pleaded guilty to the indictment in that matter charging him with a violation of 18 U.S.C. § 111(a)(1), and he is currently scheduled for sentencing before Judge Engelmayer on January 15, 2026.

[2] Title 18 Section 4241(a) provides that "at any time. . . prior to the sentencing of the defendant. . . the defendant. . . may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion. . . if there is reasonable cause to believe that the defendant may presently be

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Ronnie Abrams
November 25, 2025

As the Court will recall, approximately a year ago, on December 10, 2024, the Court ███████████████████████████████████████████████████████ ECF No. 80. Mr. Stone was subsequently ███ transferred to FCI Butner. ████████████████████████████████████████████████ ECF No. 91.

While at FCI Butner, ██████████████████████████████████████████ Since Mr. Stone's return to the Brooklyn MDC in February 2025, ████████████████

Over the past two months, Mr. Stone's behavior has grown increasingly erratic. He has incurred multiple serious disciplinary tickets and is now indefinitely confined to the Special Housing Unit following an incident in late September with another inmate.

At prior junctures in Mr. Stone's cases, including before and during his plea proceedings, defense counsel ███████████████████████████████████ That is no longer the case. At this point, we believe that Mr. Stone's ████████████████████████

---

suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Subsection (b) in turn provides: "Prior to the date of the hearing the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court."

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Ronnie Abrams
November 25, 2025

███████████████████████████████████████████

Accordingly, we respectfully request that the Court order the BOP to transfer Mr. Stone to a federal correctional institution containing a psychiatric unit for a competency evaluation pursuant to 18 U.S.C. § 4241(b). The parties can confer on the form of a Proposed Order to expedite this transfer should the Court grant this request.

Due to the length of time that a competency evaluation is likely to take, defendant respectfully also requests that the Court adjourn the sentencing date in this matter *sine die*. We have conferred with AUSA Xiang, who indicated that in light of our request for a competency evaluation, the government will consent to the adjournment of the sentencing *sine die*.

Should the Court grant defense counsel's request for a competency evaluation, we will also move before Judge Engelmayer for an adjournment of the sentencing date in that matter.

Respectfully submitted,

*/s/ Kathleen E. Cassidy*
Kathleen E. Cassidy
Sloane Lewis
Alexander Dettwyler
*Counsel for Defendant Stone*

cc:    The Honorable Paul A. Engelmayer (by ECF at docket no. 24 Cr. 349 and email)
AUSA Jun Xiang
AUSA Frank Balsamello
Deborah Colson, Esq.